**Thomas J. RYAN**

v.

**MANSFIELD STATE COLLEGE, Donald C. Darnton, and Janet L. Travis, Appellants.**

**No. 81–2311.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 22, 1982.

Decided May 4, 1982.

Rehearing Denied June 3, 1982.

See also, 3 Cir., 377 F.2d 344.

Wayne M. Richardson, Pennsylvania Dept. of Ed., Millersville, Pa., for appellants.

John M. Humphrey, Candor, Youngman, Gibson & Gault, Williamsport, Pa., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge:

The defendants, Darnton and Travis, appeal from an award of attorney's fees to plaintiff Ryan following his successful pursuit in the district court of a 42 U.S.C. § 1983 suit. Ryan, a music instructor at Mansfield State College (College), submitted a letter of resignation to the acting president of the College, Darnton, on March 12, 1979, and failed to meet his classes after that day. By letter of March 31, 1979, however, Ryan attempted to withdraw his letter of resignation. In his suit he contended, and the district court on a motion for partial summary judgment agreed, that the College's Board of Trustees had final approval over the acceptance of Ryan's resignation and that, therefore, his withdrawal of the resignation prior to such approval rendered it ineffective.

Because the district court concluded that Ryan's resignation was not effective, it held that Ryan was unconstitutionally deprived of a property interest without due process when he was not allowed to resume his position. The issue of the defendants' "good faith" in their actions which the district court found to have violated Ryan's constitutional rights was separately tried to a jury. Based on the jury verdicts against them, judgments were entered against both defendants and they each appealed to this court.

After the judgments were entered Ryan filed an application in the district court for attorney's fees pursuant to 42 U.S.C.A. § 1988 (West 1981). The court conducted a hearing on the application and ultimately awarded Ryan $15,628.00 in attorney's fees and $569.12 in expenses.

By separate opinion filed today we hold that Ryan did not suffer a constitutional deprivation of property and we have entered an order directing that the judgments of the district court in the 42 U.S.C. § 1983 suit be reversed. *Ryan v. Mansfield State College,* 677 F.2d 344 (3d Cir. 1982). Accordingly, Ryan is not a "prevailing party" entitled to attorney's fees under 42 U.S.C.A. § 1988 (West 1981).

The judgment of the district court will therefore be reversed and the case remanded for entry of judgment for the defendants. Each side to bear its own costs.